# CARL HAWKINS v. STATE.

No. A-8795.  May 31, 1935.
(45 Pac. [2d] 768.)

Leon C. Phillips and W. A. Ratterree, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J. Plaintiff in error, hereinafter called defendant, was convicted in the district court, Okfuskee county, of robbery with firearms, and was sentenced to a term of 5 years in the state penitentiary.

Defendant, a negro, was jointly charged with one Williams and Jenkins, also of his race, with the robbery of one Barkley. The two other defendants pleaded guilty. The evidence for the state, in substance, is that at the time charged the three accused were returning to their homes near Boley from the western part of the state, where they had been picking cotton. They got on a Fort Smith & Western freight train at Warwick in the night-time, on which train were Barkley and a number of other persons, all beating their way; that the three were armed and were acting together Before reaching Boley, where they left the train, they robbed a number of those on it.

The defendant contends the evidence is not sufficient to sustain the judgment. It is not disputed that Barkley was robbed, as charged, but defendant insists he did not participate in the robbery, that it was committed by Williams and Jenkins. The actual robbery of Barkley was by Williams and Jenkins. Just prior to the robbery of Barkley the three were together on the next car of the freight train and one Ponder, a negro ex-soldier, was also on this car. Defendant seated himself by Ponder and watched him while Williams and Jenkins went to the car

where Barkley was and committed the robbery charged. In a few minutes they returned to the car where defendant and Ponder were and defendant menaced Ponder with a revolver, and either Williams or Jenkins went through Ponder's pockets, taking $2.35 and his army discharge papers. Then defendant said to his companions: "We ought to kill him or put him off; he is going to cause us trouble." As the train entered the town of Boley, either Jenkins or Williams called to defendant "Let's go," and they all left the train together. There is evidence that, when defendant was arrested the day following, he was in the possession of a pistol as described by the witness Ponder, and he offered to repay Ponder the $2.35 taken from him. Also there is evidence of statements made by him to the officers indicating his participation with Williams and Jenkins. Defendant did not take the stand, but offered an agreed statement of facts of the testimony of Williams and Jenkins, in which they said, in substance, they alone committed the robbery charged. Certainly one person is not liable for the criminal acts of another in which he did not participate, either directly or indirectly, but, on the other hand, any person concerned in the commission of a crime, whether he directly commits the act constituting the offense, or aids and abets in its commission, though not present, is a principal. The aiding or abetting, that is, the acting together, may be proven by circumstantial evidence, such as the acts and conduct of the parties. The evidence amply sustains the state's theory that defendant, Williams and Jenkins, were acting together in robbing those on the freight train.

Defendant also complains that the witness Ponder had been sentenced to serve a term of two years in the state penitentiary for larceny of domestic animals, which fact was not known to him, and which, if known, would

have discredited his testimony, and that the county attorney was at fault in not making such fact known. No authorities in support of his contention were cited. It is held, generally, that a new trial will not be granted for the purpose of discrediting the testimony of witnesses. Some argument is also made that the trial court erred in one instance in his remark in the presence of the jury, but no exception was saved at the time, and the remark has no particular importance. No prejudicial error is apparent.

The case is affirmed.

DAVENPORT, P. J., and DOYLE, J., concur.